# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**JULETHA HANCOCK**                                                                 **PLAINTIFF**

v.                            No. 3:10-cv-328-DPM

**CRITTENDEN COUNTY,
ARKANSAS, A Public Body Politic;
RICHARD "DICK" BUSBY, In His
Official Capacity As Sheriff of Crittenden
County, Arkansas; and ZANE BOYD, In His
Individual and Official Capacity
as Jail Administrator**                                                             **DEFENDANTS**

## PROTECTIVE ORDER

The parties have moved the Court to enter a protective order; and they have proposed a draft. *Document No. 14.* The motion is granted. The Court adopts the proposal with minor changes. The parties should note and fulfill their redaction-first obligation in the revised paragraph 5.

**1.** Confidential Information, as later defined, and obtained by either party in this action, shall be used only for this litigation and for no other purpose. It shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as defined in this Order.

2. Confidential Information shall include, without limitation: personnel files, salary/pay histories, and proprietary information. It shall also include other information requested at any time by Plaintiff from a Defendant that relates to the operation and organization of a Defendant. Defendant will designate this information "Confidential" with the method of designation set forth in the letter of transmittal to the Plaintiff. If Plaintiff disputes that the designated information is confidential, Defendant shall move under Federal Rule 26(c), demonstrating good cause as to why the information should be designated as confidential. *Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D.Pa. 1994).

3. Except with the prior written consent of the Defendant, or pursuant to Court Order on motion with notice to the Defendant, no Confidential Information may be disclosed to any person other than "Qualified Persons." Qualified Persons shall be defined to include the Plaintiff, any future counsel of record for the Plaintiff in this action, secretaries, paraprofessional assistants, experts, and other employees of Plaintiff's counsel who would be actively engaged in assisting counsel in connection with this action.

**4.** This Order shall continue to be binding through and after the conclusion of this litigation. This Order will expire one year after judgment is entered if no appeal is taken and one year after the Court of Appeals' mandate issues if a party appeals. At the conclusion of this action, including all appeals:

    a) Upon request by Defendant, Plaintiff (or Plaintiff's counsel) shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

    b) Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

**5.** The Court prefers public filing. Any Confidential Information that must be filed with the Court and with the Clerk of this Court must be redacted, with an unredacted copy filed under seal. If redaction is impracticable, the party who wishes to file the Confidential Information must seek leave of the Court to file it under seal. Only the Court, Court personnel,

and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

6. Plaintiff's current counsel shall explain to Plaintiff the terms of this Protective Order, including the requirements and restrictions she must observe.

7. Nothing in this Order shall be construed to affect any person's rights under any other law to obtain information or documents from a public agency.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

3 August 2012